EDOK - Application for Search Warrant (Revised 5/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of:

1) **ONE RING DOORBELL CAMERA (EVIDENCE ITEM 1B18);**
2) **ONE ONN BLACK FLASH DRIVE (EVIDENCE ITEM 1B17),**
3) **ONE BLACK FLASH DRIVE FCSDFOAW23T123 (EVIDENCE ITEM 1B16),**
4) **ONE BLACK IPAD, MODEL NUMBER A1674, SERIAL NUMBER DMPT24HXGXPX (EVIDENCE ITEM 1B15),**
5) **ONE WHITE IPAD, MODEL NUMBER A1475, SERIAL NUMBER DMPNK15WF4YH (EVIDENCE ITEM 1B14),**
6) **ONE POWERA FLASH DRIVE, MODEL NUMBER 1427441-01B (EVIDENCE ITEM 1B13),**
7) **ONE BLACK SKY DEVICES CELL PHONE, SKYEC552011006314 (EVIDENCE ITEM 1B12),**
8) **ONE DVD LABELED "F9" (EVIDENCE ITEM 1B11),**
9) **ONE SD CARD (EVIDENCE ITEM 1B10),**
10) **ONE THUMB DRIVE (EVIDENCE ITEM 1B9),**
11) **TWO DVDS WITH ONE CASE (EVIDENCE ITEM 1B4),**
12) **ONE GOOGLE HOME DEVICE (EVIDENCE ITEM 1B3),**
13) **ONE DVD (EVIDENCE ITEM 1B2), AND**
14) **ONE BLACK TOSHIBA LAPTOP, SERIAL NUMBER 2C185938Q (EVIDENCE ITEM 1B1),**

**ALL CURRENTLY LOCATED AT THE FBI OFFICE IN MUSKOGEE, OKLAHOMA**

Case No.   22-MJ-81-KEW

## APPLICATION FOR SEARCH WARRANT

I, Hannah Kuhrt, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe property to be searched and give its location)*:

**SEE ATTACHMENT "A"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    ☒ evidence of a crime;
    ☒ contraband, fruits of crime, or other items illegally possessed;
    ☒ property designed for use, intended for use, or used in committing a crime;
    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of Title 21, United States Code, Section(s) 2241(c), 2246(2)(A), (B) & (C), 2251(c), 1151, & 1153, and the application is based on these facts:

    ☒ Continued on the attached sheet.
    ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Hannah Kuhrt, Special Agent
FBI

Sworn to before me and signed in my presence.

Date: <u>March 15, 2022</u>

_____
*Judge's signature*

City and state: <u>Muskogee, Oklahoma</u>

KIMBERLY E. WEST
<u>UNITED STATES MAGISTRATE JUDGE</u>
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Hannah Kuhrt, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) where I have been employed since June 2014. I am an investigative officer, or law enforcement officer, of the United States of America within the meaning of Title 18, United States Code (U.S.C.), Section 2510(7), that is an officer of the United States who is empowered by law to conduct investigation of, make arrests for, offenses enumerated in Title 18. In the course of my duties as a Special Agent, I have investigated criminal violations related to Indian Country crimes, as explained in Title 18, United States Code (U.S.C.), 1151 and as it pertains to the Major Crimes Act (MCA). Further, I have investigated violent crimes, drug offenses, and child abuse crimes. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic device (the "Target Devices") — which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      As a Federal Agent, I am authorized to investigate violations of the laws of the United States, and to execute warrants issued under the authority of the United States.

3.      The facts set forth in this affidavit are based on events that transpired in the Eastern District of Oklahoma, in Indian Country, and are based on my personal observations, knowledge obtained from other law enforcement officers, my review of documents related to this investigation, conversations with others who have personal knowledge of the events and circumstances described herein, and a review of open-source information including information

available on the Internet. Since this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each fact I or others have learned during this investigation.

4.      Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that LEILONI BLAKE SMITH, an Indian, and GREGORY NEIL BIAS, an Indian, committed a violation of Title 18, United States Code, Sections 1151, 1153, 2241(c), 2246(2)(A), (B) and (C) (Aggravated Sexual Abuse in Indian Country) and 2251(c) (Sexual Exploitation of Children) in Indian Country, which occurred within the boundaries of the Cherokee Nation. SMITH and BIAS have been indicted in the Eastern District of Oklahoma for the offenses. There is also probable cause to search the item described in Attachment A for evidence, instrumentalities, and/or fruits of these crimes further described in Attachment B.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5.      The property to be searched are described as follows: 1) one Ring doorbell camera (evidence item 1B18), 2) one ONN black flash drive (evidence item 1B17), 3) one black flash drive FCSDFOAW23T123 (evidence item 1B16), 4) one black iPad, Model Number A1674, Serial Number DMPT24HXGXPX (evidence item 1B15), 5) one white iPad, Model Number A1475, Serial Number DMPNK15WF4YH (evidence item 1B14), 6) one Powera flash drive, Model Number 1427441-01B (evidence item 1B13), 7) one Black Sky Devices cell phone, SKYEC552011006314 (evidence item 1B12), 8) one DVD labeled "F9" (evidence item 1B11), 9) one SD card (evidence item 1B10), 10) one thumb drive (evidence item 1B9), 11) two DVDs with one case (evidence item 1B4), 12) one Google Home device (evidence item 1B3), 13) one DVD (evidence item 1B2), and 14) one black Toshiba laptop, Serial Number 2C185938Q (evidence item

1B1), hereinafter the "Target Devices." The Target Devices are currently located at the FBI Office at 120 S Edmond Place, Muskogee, Oklahoma.

6.     The applied-for warrant would authorize the forensic examination of the Target Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

### PROBABLE CAUSE

7.     VENUE: the facts and circumstances alleged in this affidavit occurred within the Eastern District of Oklahoma. More specifically, based on federal and Oklahoma case law, including the U.S. Supreme Court decision in *McGirt v. Oklahoma* (2020), the below described location is within the geographic boundaries of the CHEROKEE NATION, a Federally recognized Indian Tribe, and therefore is within Indian Country.

8.     On 1/25/2022, United States Magistrate Judge Steven P. Shreder issued an arrest warrant upon application of a complaint by FBI Task Force Officer (TFO) Melissa Jackson for Gregory Bias, (dob) xx/xx/1983, for the violation of 18 U.S.C. § 2252(a)(2), Distribution of Child Pornography (22-MJ-30-SPS, SEALED). On or about 1/26/2022, BIAS was arrested at 219 W. Seneca Avenue, Tahlequah, Oklahoma, 74464 (hereinafter referred to as PREMISES). A referral to the Department of Human Services (DHS) was made as SMITH and her two toddler children, M.B. (1) and M.N.B. (2) lived in the home.

9.     On or about 1/27/2022, DHS workers went to the PREMISES to conduct their investigation. Upon encountering the mother of the children, SMITH, the workers observed what they believed to be paraphernalia utilized to consume methamphetamine and a dry erase board that stated "House Rules! Place Phone in Basket! You're here to visit, not be on your Phone. Place bag in front of Black Basket! To [sic] many items coming up missing. Stop taking what is not yours.

3

Thanks 😊 😊" There also appeared to be disassembled pieces of what was believed to be a firearm by the DHS employees. The DHS employees took custody of M.B. (1) and M.N.B. (2).

10.     On or about 1/27/2022, a physical examination by a medical professional was conducted on M.B (1). She was clinically diagnosed with gonorrhea, a sexually transmitted disease and appeared to have vaginal trauma. On or about 1/28/2022, sexual assault nurse examinations (SANE) were conducted on M.B. (1) and M.N.B. (2). Preliminary findings indicated that M.N.B. (2) had anal tears consistent with sexual abuse.

11.     On or about 1/28/2022, SMITH was voluntarily interviewed by SA Matthew S. Wagner. SMITH stated that BIAS has been in the home since approximately November 2021 and that she has observed sexually indicative material of young girls on BIAS' cellular phone. SMITH stated that BIAS has had the opportunity to be alone with the girls, although SMITH said that was not the regular occurrence. SMITH stated she did not have any known active sexually transmitted disease infection and had been sexually intimate with BIAS that week. SMITH did not believe BIAS had any active sexual infection. SMITH stated that BIAS had multiple devices to include a laptop that she now had possession of, and two cellular phones. SMITH stated that BIAS would threaten violence against her by means of a firearm and a knife and threatened the lives of her and M.B. (1) and M.N.B.(2). SMITH allowed SA Wagner to view correspondence and some photographs on her iPhone 12 mini cellular phone, of which showed that BIAS had photographs of an otherwise innocuous nature with the children. These included BIAS being shirtless in a bed with the girls in the bed with him.

12.     On or about 01/31/2022, SMITH was voluntarily interviewed by the Affiant and two DHS workers. During that discussion, SMITH indicated that the day she found the sexually indicative material of young girls on BIAS's cellular phone, BIAS brought M.B. (1) into the

4

bedroom they shared, put M.B.'s (1) hand on a table and told her he would break M.B.'s (1) fingers one by one if she ever said anything about what she saw on the cellular phone. Later the same evening, SMITH brought M.N.B. (2) into their bedroom and put M.N.B. (2) on the bed. BIAS undressed M.N.B. (2) and instructed SMITH to record a video on his iPhone (iPhone 1). SMITH recorded a video of BIAS rubbing his penis on M.N.B.'s (2) vagina. SMITH said she could not tell if there was full penetration of M.N.B.'s (2) vagina or anus, but that BIAS did flip M.N.B. (2) onto her stomach and rubbed his penis on her anus. SMITH said she held M.N.B.'s (2) legs out of the way while BIAS rubbed his penis on M.N.B.'s (2) vagina. BIAS instructed SMITH to show her face on camera as a matter of "insurance". After showing her face on camera, SMITH rubbed M.N.B.'s (2) vagina with her fingers. SMITH indicated that on another occasion, BIAS instructed her to bring M.B. (1) into the bedroom to record another video. BIAS attempted multiple times to rub his penis on M.B.'s (1) vagina but M.B. (1) kept waking up and BIAS wanted her to stay asleep. SMITH said she believed BIAS penetrated M.B.'s (1) vagina because M.B. (1) jolted awake and did not go back to sleep. SMITH held M.B.'s (1) legs back while BIAS penetrated M.B.'s (1) vagina. SMITH could not recall the exact dates when the events took place but indicated it occurred between November 2021 and early January 2022.

13.    BIAS's iPhone 1 was collected as evidence by TFO Jackson during BIAS's arrest on or about 01/26/2022. After obtaining a search warrant for BIAS' iPhone 1, TFO Jackson conducted a preliminary review of its contents. On 02/07/2022, TFO Jackson telephonically contacted the Affiant and reported that there were numerous sexually explicit images and videos of SMITH and BIAS with female toddlers believed to be M.B. (1) and M.N.B. (2). In one or more of the images or videos, SMITH was observed performing oral sex on a female toddler believed to be M.B. (1) or M.N.B. (2). The female toddler was face down on the bed and could not be fully

identified by TFO Jackson. In one or more of the images or videos, SMITH was observed holding open the butt cheeks of a female toddler, believed to be either M.B. (1) or M.N.B. (2), to expose the female toddler's anus and vagina while BIAS fully penetrated the toddler's vagina with his penis. The female toddler was face down on the bed and could not be fully identified by TFO Jackson.

14.     On or about 02/11/2022, TFO Jackson and the Affiant reviewed the content on BIAS's iPhone 1. On or about 11/24/2021, several sexually explicit videos of a female toddler believed to be either M.B. (1) or M.N.B. (2) were recorded on an iPhone 12 mini cellular phone and sent to BIAS's iPhone 1. In one of the videos recorded on an iPhone 12 mini and sent to BIAS's iPhone 1, SMITH is observed holding open the butt cheeks of a female toddler, believed to be either M.B. (1) or M.N.B. (2), to expose the female toddler's anus and vagina while BIAS penetrated the toddler's vagina with his penis. At one point in the video, SMITH asks BIAS what he is doing and BIAS replies "I'm rubbing it on her little fucking asshole now." In a second video recorded on an iPhone 12 mini and sent to BIAS on or about 11/24/2021, SMITH is observed performing oral sex on a female toddler believed to be either M.B. (1) or M.N.B. (2) while BIAS moans and breathes heavily off camera. In a third video recorded on an iPhone 12 mini and sent to BIAS on or about 11/24/2021, BIAS is observed anally penetrating a female toddler believed to be either M.B. (1) or M.N.B. (2).

15.     Pursuant to a federal Search Warrant issued in the Eastern District of Oklahoma for the PREMISES, Target Devices 1) through 13) were seized by law enforcement from the home where BIAS and SMITH resided together. The black Toshiba laptop listed as 14), Serial Number 2C185938Q (evidence item 1B1), was voluntarily surrendered to the Affiant on or about 02/01/2022 by SMITH several days prior to SMITH being taken into federal custody. The black

Toshiba laptop was identified by SMITH as belonging to, and being used by BIAS when he was in their home.

16.     There is probable cause to believe that the Target Devices will contain evidence of images, videos, text messages, Internet history, and/or emails that depict child sexual abuse, child sexual assault, and production and distribution of child pornography. Similarly, there is probable cause to believe that evidence or fruits of the crime may be contained on the Target Devices.

17.     Based on my training, experience, and research, I have reason to believe that the Target Devices have capabilities that allow them to serve as wireless telephones. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, information that has been viewed via the Internet is typically stored for some period of time on the devices. This information can sometimes be recovered with forensic tools.

19.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crime described in the warrant, but also forensic evidence that establishes how the Target Devices were used, the purposes of their use, who used them, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Target Devices because:

     a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

7

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20.    *Nature of examination.*   Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the devices to human inspection in order to determine whether there is evidence described by the warrant.

8

21.     *Manner of execution.*   Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.   Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

22.     *Methods of examination.*   In conducting this examination, law enforcement personnel may use various methods to locate evidence and instrumentalities of the Subject Offense, including but not limited to undertaking a cursory inspection of all information within the Target Devices. This method is analogous to cursorily inspecting all the files in a file cabinet in an office to determine which paper evidence is subject to seizure. Although law enforcement personnel may use other methods as well, particularly including keyword searches, I know keyword searches and similar methods are typically inadequate to detect all information subject to seizure. As an initial matter, keyword searches work only for text data, yet many types of files commonly associated with e-mails, including attachments such as scanned documents, pictures, and videos, do not store data as searchable text. Moreover, even as to text data, keyword searches cannot be relied upon to capture all relevant communications in an account as it is impossible to know in advance all of the unique words or phrases investigative subjects will use in their communications, and consequently there are often many communications in an account that are relevant to an investigation but do not contain any keywords that an agent is likely searching for.

## **CONCLUSION**

23.     I submit that this affidavit supports probable cause for a search warrant authorizing

the examination of the Target Devices described in Attachment A to seek the items described in

Attachment B.

Respectfully submitted,

Hannah Kuhrt, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 15th day of March, 2022:

UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A

1.     The property to be searched is described as follows:  1) one Ring doorbell camera (evidence item 1B18), 2) one ONN black flash drive (evidence item 1B17), 3) one black flash drive FCSDFOAW23T123 (evidence item 1B16), 4) one black iPad, Model Number A1674, Serial Number DMPT24HXGXPX (evidence item 1B15), 5) one white iPad, Model Number A1475, Serial Number DMPNK15WF4YH (evidence item 1B14), 6) one Powera flash drive, Model Number 1427441-01B (evidence item 1B13), 7) one Black Sky Devices cell phone, SKYEC552011006314 (evidence item 1B12), 8) one DVD labeled "F9" (evidence item 1B11), 9) one SD card (evidence item 1B10), 10) one thumb drive (evidence item 1B9), 11) two DVDs with one case (evidence item 1B4), 12) one Google Home device (evidence item 1B3), 13) one DVD (evidence item 1B2), and 14) one black Toshiba laptop, Serial Number 2C185938Q (evidence item 1B1), hereinafter the "Target Devices." The Target Devices are currently located at the FBI Office at 120 S Edmond Place, Muskogee, Oklahoma. These photographs are of the devices as they were seized during the search warrant execution at the premises:













3





4













## ATTACHMENT B

1.      All records on the Target Devices described in Attachment A that relate to a violation of 18 U.S.C. §§ 2241(c), 2246(2)(A), (B) and (C), 2251(b), 1151, and 1153, including:

    a.  Evidence of user attribution showing who used or owned the Target Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history;

    b.  Geolocation and travel records and information;

    c.  Communication records including: incoming and outgoing voice messages; text messages; multimedia messages; applications that serve to allow parties to communicate; all call logs; secondary phone number accounts, including those derived from Skype, Line 2, Google Voice, and other applications that can assign roaming phone numbers; and other Internet-based communication media;

    d.  Any threatening communications;

    e.  Voice memos, photographs, videos, and other audio and video media, and all EXIF information and metadata attached thereto including device information, geotagging information, and information of the relevant dates to the media;

    f.  Internet activity such as firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

    g.  Application data; and

h.  All records and information related to the coordination, agreement, collaboration, and concerted effort of and with others to prepare for, commit, assist with, or coverup the criminal offense.

2.    As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3.    This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.